BEA, Circuit Judge,
dissenting:
In this diversity action, Allen Edward St. Julien appeals from the district court’s dismissal of his complaint pursuant to FRCP 12(b)(6). We review the court’s decision de novo. We accept as true St. Julien’s allegations of material .fact and construe them in the light most favorable to him. Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir. 2009).
For our purposes, the following material allegations are true. Evelyn Wiltz opened certain accounts with defendant Bank of America. The bank held Wiltz’s funds in Totten Trust accounts. A Totten Trust account is a type of nonprobate transfer. Allen v. First Presbyterian Church of Ironwood, 12 Cal.App.4th 1762, 1766, 16 Cal.Rptr.2d 352 (1993). A Totten Trust account “basically allows a decedent to make a testamentary disposition of cash assets without going through the formalities of drawing up a will.” Id. Funds held in a Totten Trust account are not included in a decedent’s estate for the purposes of either intestate succession or distribution by will. Id. at 1767, 16 Cal.Rptr.2d 352. Instead, the funds belong to the named beneficiary on the account immediately upon the decedent’s death. Id. Wiltz informed Bank of America that St. Julien was the beneficiary of her Totten Trust accounts.[1]
Wiltz died on May 4, 2012. St. Julien presented Bank of America with Wiltz’s death certificate and demanded the sums remaining in the accounts. The bank refused to pay him. St. Julien commenced this lawsuit against the bank on February 26, 2014. He seeks payment of sums held in the accounts, declaratory relief, an ac *760 counting, and damages for the bank’s breach of its contract with Wiltz.
The district court concluded that St. Ju-lien’s claims are barred by the one-year statute of limitations set forth in California Code of Civil Procedure section 366.3(a). The statute of limitations bars claims brought more than one year after the death of a decedent. However, it applies to a claim only if that claim “arises from a promise or agreement with a decedent to distribution from an estate or trust.” Id. Here, St, Julien’s claims are premised on Wiltz’s deposit agreements with Bank of America. His claims are not premised on a promise by Wiltz to a distribution from her estate. Thus, by its terms, section 366.3(a) does not apply to St. Julien’s claims.
This conclusion is consistent with California cases discussing the applicability of section 366.3. Cases applying section 366.3 involve promises made by a decedent to award an individual an asset or a sum of money from the decedent’s estate. E.g., McMackin v. Ehrheart, 194 Cal.App.4th 128, 135, 122 Cal.Rptr.3d 902 (2011) (applying section 366.3 to a lawsuit premised on a decedent’s promise to leave a life estate in a shared home to a cohabitant); Estate of Ziegler, 187 Cal.App.4th 1357, 1360-61, 114 Cal.Rptr.3d 863 (2010) (applying section 366.3 to a lawsuit premised on a decedent’s promise to leave his house to his neighbors); Ferraro v. Camarlinghi, 161 Cal.App.4th 509, 514-18, 555, 75 Cal.Rptr.3d 19 (2008) (applying section 366.3 to a lawsuit premised on a decedent’s promise to leave a portion of her estate to two stepdaughters). Not a single California court has applied section 366.3 to a cause of action not premised on a decedent’s promise to make a distribution of some sort.
Bank of America argues that section 366.3 applies here because the Ferraro court held that the statute “reach[es] any action predicated upon the decedent’s agreement to distribute estate or trust property in a specified manner.” Ferraro, 161 Cal.App.4th at 555, 75 Cal.Rptr.3d 19. However, as the same court noted in the same paragraph, the statute applies to actions “predicated on a decedent’s promise to make specified distributions upon his death.” Id. This is not such an action. St. Julien’s action is not predicated on promises made by Wiltz to distributions upon her death. The action is predicated on the terms of her deposit agreement with Bank of America, and her designation of St. Julien as the beneficiary of her Totten Trust accounts pursuant to that agreement. Wiltz’s agreement with Bank of America is plainly not within the scope of section 366.3(a) because she did not promise the bank (or anyone else) that she would make a distribution from her estate.
For these reasons, I would hold that the district court erred when it held that section 366.3(a) applied to St. Julien’s claims. I would reverse the court’s dismissal of his complaint and remand for further proceedings.

. St Julien alleges, alternatively, that Wiltz designated St. Julien as the pay-on-death ("P.O.D.”) beneficiary of her accounts with Bank of America. The same analysis applies regardless of whether Wiltz designated St. Julien as a P.O.D. beneficiary or as a Totten Trust account beneficiary.